GEORGE WELLS *versus* SEWALL WATERHOUSE.

If the defendant represented himself to be an agent for the owners of a tract of land, when in fact he was not, and by such representation the plaintiff was deceived, and induced to pay him for trespasses committed thereon, an action may be supported to recover back the amount so paid.

But if the plaintiff has sustained no loss by reason of the false representations, he cannot recover.

ASSUMPSIT to recover back a sum of money alleged to have been paid by the plaintiff to the defendant for timber cut on No. 43, on the Bingham Penobscot Purchase, on the representation of the defendant, that he was agent of the owners of that tract, when in truth he was not.

WESTON C. J. presiding at the trial, instructed the jury, that if they were satisfied from the evidence, that the defendant represented himself to the plaintiff as agent of No. 43, when in fact he was not, and received payment for timber cut thereon, the plaintiff was entitled to recover back the amount so paid. The verdict was for the plaintiff, and was to be set aside, if the instruction was erroneous.

There was a motion for a new trial, because the verdict was against evidence, as the law was given to the jury on the trial.

*J. Granger* and *Bridges,* for the defendant.

*Fuller,* for the plaintiff.

The opinion of the Court was drawn up by

WHITMAN C. J. — In this case we see no ground to question the correctness of the Judge's instruction to the jury. If the defendant represented himself to be an agent for the owners of township No. 43, when in fact he was not, and, by such representation, the plaintiff was deceived, and induced to pay him for a trespass committed thereon, this action might well be supported to recover back the amount paid.

But on looking into the evidence as reported, we are inclined to think, that justice has not been done by the verdict. The evidence, it is true, tends strongly to show, that the defendant pretended to be the agent of the owners of No. 43.

If however, he did not receive satisfaction for any trespass other than upon No. 42, for the owners of which he was agent, the plaintiff has sustained no loss by reason of the false representation of the defendant; and in such case can have no foundation for a claim against him; and the motion for a new trial ought to prevail. There is no reason for supposing, that more than one settlement for trespass on the townships No. 42 and 43, or either of them, ever took place. That settlement was made about the second day of June, 1838. Jenkins testifies that the plaintiff on that day, said he and the defendant had made a full settlement for the trespass committed, and that he had agreed to pay therefor, including all charges for exploring, surveying, &c. $750 in boards. James P. Vance testified, that early in the summer, in the year in which the logs came down, the parties, in his office, agreed upon a settlement for trespass committed on No. 42; that he does not recollect to have heard 43 mentioned in the course of their conversation; that the parties differed, for sometime, about the quantity to be accounted for; the defendant insisting that it should be for 200 M. as stated in Palmer's survey, and the plaintiff insisting that both that, and another survey by Powers & Knights, which the defendant had also caused to be made, whose bills of their respective surveys were then presented, were both too high. But that finally it was agreed between them, that half the difference between the two surveys should be added to the lowest, that of Powers and Knights; and that the settlement should be made accordingly. This made the quantity to be settled for about 178 M. feet, which was to be paid for in boards, estimating the timber taken at $3,50 per M. feet, which would amount to $623,00. And Jenkins testifies, that the plaintiff told him, he had agreed to pay also all the expenses of exploring up river to ascertain the quantity cut. And it appears reasonable to believe, from the statement of the witnesses, that the expenses might well amount to the residue of the $750,00, deducting the $623,00. On turning to the testimony of Palmer, Powers and Knights, it clearly appears, that, in their bills, no timber was included, except what

was cut on No. 42. James Sargent testifies, that he was agent for the proprietors of No. 43 ; and that in ascertaining what the plaintiff cut on that lot, he found it to amount to 200 M. feet ; and that as near as he could estimate it, the plaintiff cut the same winter, on No. 42, about 150 M. and that the plaintiff paid him for the 200 M. feet he cut on No. 43. Hence it seems to be evident that the plaintiff cut on No. 42 from 150 to 200 M. feet, and also on No. 43, 200 M. feet. Now if he had settled with the defendant for what he cut on both lots, the amount would have been double the amount, or nearly so, of what he did actually pay.

On a review of the evidence, it seems manifest that the plaintiff has never paid the defendant any thing for timber cut on No. 43.

The verdict, therefore, for the plaintiff, is clearly against evidence, and must be set aside, and a new trial be granted.